EGAN v. BISSELL.

(REPORTED 53 S. C., 547.)

PETITION FOR REHEARING REFUSED, without prejudice to the right of Mrs. Bissell to join with plaintiff in contesting issues before the jury—because:

a. No material proposition of law has been overlooked or disregarded.

b. The question of title raised by the answer should be determined by the jury.

c. Denominating Mrs. Bissell "a nominal party merely," only means she is identified in interest with, and co-operates with, the plaintiff.

d. There is no error in failure to serve Mrs. Bissell with answer of H. E. Bissell.

e. Order framing issues does not preclude Mrs. Bissell from taking part in trial.

f. There was no necessity for plaintiff or Mrs. Bissell to plead over or reply.

January 16, 1899, PER CURIAM. The petition for a rehearing which has been filed in this case is based upon several grounds fully set out in the petition, but we do not deem it necessary to consider, or set them out seriatim. These grounds may be divided into two general classes—First, Those which are based upon alleged errors in the judgment of the Circuit Judge overruling the demurrers filed, separately, by the defendant, Sarah H. Bissell, and the plaintiff. Second. Those which impute errors in the order of the Circuit Judge framing issues of fact to be submitted to the jury for trial.

Those of the first class practically invite a reopening of the argument as to the question, whether there was error in the judgment overruling the demurrers. Inasmuch as those grounds do not satisfy this Court that any material proposition of law was either overlooked or disregarded in the previous consideration of this question, and as such question has already been carefully and maturely considered, and a majority of this Court, after such consideration, were unable to concur in any conclusion, we do not see that any of the grounds of the first class afford

sufficient reason for granting the petition for a rehearing.

As to the second class of grounds taken in the petition, to wit: those imputing error to the order framing issues, it is apparent that this question could not properly be determined except in one aspect, which will be presently referred to, until the question as to the demurrers was finally adjudicated; for if there were errors in overruling the demurrers, then it would necessarily follow that the order framing issues should be set aside, inasmuch as no issues of fact would be presented by the pleadings, after those portions of respondent's answer which presented such issues had been practically stricken out. If, however, this Court had been able to render its judgment affirming the judgment of the Circuit Court as to the demurrers, then the issues of fact presented by the pleadings would have to be determined either by the Court, or by a referee, or by the jury, according as one or the other of such modes of trial should be deemed proper; and as the practical effect of the equal division of this Court was to affirm the judgment of the Circuit Court overruling the demurrers, it became necessary to have the issues of fact raised by the answer of Henry Edward Bissell determined in some way, and inasmuch as one of those issues invoked a question of title to real estate, it was not only proper, but necessary, that such question should be determined by the jury.

Complaint is made in one of the exceptions to the order framing issues for the jury, that the Circuit Judge in his decree overruling the demurrer speaks of the defendant, Sarah H. Bissell, being made "a nominal party merely," for the purpose of giving her notice of the controversy between the plaintiff and the defendant, Henry Edward Bissell. But this, as we understand it, only means that Mrs. Bissell was identified in interest with the plaintiff, and by her answer, practically co-operates with the plaintiff, and joins in the prayer of the complaint—and this was undoubtedly the fact.

Complaint is also made that no copy of the answer of

6—54

Henry Edward Bissell was ever served upon Mrs. Bissell. But we do not see why it should have been. In addition to this, it is stated in the "Case" that the answer of Mrs. Bissell was never served upon H. E. Bissell, and was not made known to him until the argument on the demurrers before Judge Witherspoon was made. Indeed, the whole record shows that while Mrs. Bissell appears as a defendant, she was practically a co-plaintiff.

Again, complaint is made that the order framing issues for trial by jury excludes Mrs. Bissell from taking any part in the trial of such issues. We do not so understand the effect of the order. She is a party to the record, and has a right to participate in the trial of such issues, and we do not see that the order undertakes to deprive her of the right so to do, if she desires.

As to the objection that the Circuit Judge erred in not allowing the plaintiff and the defendant, Sarah H. Bissell, "to plead over to the defenses set up by Henry Edward Bissell in his answer, upon the overruling of the demurrers," it is sufficient to say that the record does not show that any such application was made to, or considered by the Circuit Judge. Besides, we are unable to perceive any necessity for such pleading over; and certainly the plaintiff had no right to reply, as no counter-claim· was set up.

It seems to us, therefore, that the petition for rehearing should be refused, without prejudice to the right of the defendant, Sarah H. Bissell, to join with the plaintiff in contesting before the jury the issues which are submitted to the jury.

It is, therefore, ordered, that the petition for rehearing be dismissed, and that the stay of the remittitur heretofore granted be revoked.